**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

WILLIAM B. ABBOTT, also           :
known as JACK MYERS,              :   Civil Action No. 06-5238 (RMB)
                                  :
            Plaintiff,            :
                                  :
            v.                    :   **OPINION**
                                  :
CAMDEN COUNTY BOARD OF            :
FREEHOLDERS, et al.,              :
                                  :
            Defendants.           :

**APPEARANCES:**

   WILLIAM B. ABBOTT, Plaintiff pro se
   GJ-1439
   State Correctional Institution
   Box 9999
   La Belle, Pennsylvania 15450-0999

**BUMB**, District Judge

   Plaintiff William B. Abbott, also known as Jack Myers, currently confined at the State Correctional Institution in La Belle, Pennsylvania, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice for failure to state a claim.

## I.   BACKGROUND

Plaintiff brings his civil rights action against defendants, Camden County Board of Freeholders; Joseph Ripa, Liaison; Lee Diane Sasse, Board Clerk; the Camden County Correctional Facility ("CCCF"); and Eric M. Taylor, Warden at CCCF.  Plaintiff states that he was detained at CCCF pursuant to an interstate detainer agreement with respect to pending charges in the State of New Jersey.  He also admits that he is a convicted state prisoner, currently serving a prison sentence in the State of Pennsylvania. In his Complaint, plaintiff alleges that his conditions of confinement at CCCF violated his constitutional rights.

Plaintiff generally complains that he was housed at CCCF in overcrowded and unsanitary conditions from July 18, 2006 to or about August 27, 2006.  He was initially housed in the hospital ward for two days and forced to sleep in a mattress that was not cleaned on two "boats".  He next was assigned to a cell with two

other inmates and slept on a mattress near the toilet for five days.  On July 24, 2006, plaintiff filed a medical request for treatment of an infection he incurred as a result of the unsanitary conditions.  He was treated by a nurse the next day, but complains that the medication he was given did not help.  Plaintiff also alleges that food trays were dirty and dragged on unsanitary floors before being served to inmates at CCCF.  More than 70 men in the unit have to share two showers and the air ventilation is poor, causing the circulation of disease and flu.  Plaintiff provides copies of some of the grievances he wrote to the defendants during his confinement at CCCF.

    Plaintiff seeks more than $700,000.00 in compensatory and punitive damages.  He also seeks injunctive relief, demanding an investigation of the conditions and suspension of fines while plaintiff is confined.  It appears that plaintiff is no longer confined at CCCF,[1] and therefore, any claims for injunctive relief shall be dismissed as moot.

    II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

    The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action

---

[1] Plaintiff gives his address as S.C.I. in La Belle, Pennsylvania, and the Complaint and <u>in</u> <u>forma</u> <u>pauperis</u> application were received in an envelope postmarked from a La Belle, PA zip code.

in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the

5

United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the claims asserted against the Camden County Correctional Facility is subject to dismissal because jail facilities are not "persons" for purposes of § 1983 liability. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976).  Accordingly, the Complaint will be dismissed in its entirety against this defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court now turns to address the conditions claims as asserted against the remaining defendants.

## IV.  ANALYSIS

It appears that plaintiff is asserting an unconstitutional conditions of confinement claim based on an alleged deprivation of liberty without due process of law, because he was confined at CCCF on an interstate detainer subject to criminal charges pending in the State of New Jersey.

A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or state law.  See Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).  Pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment.  See Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000).  Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979).  Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.  For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...

>   Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...
>
>   A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."  Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.   ...

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  441 U.S.

8

at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  Id. at 539 n.20, 561-62.

In Bell, the Supreme Court held that double-bunking under the circumstances presented in that case did not constitute punishment, and therefore, did not violate the pretrial detainees' due process rights.  Id., at 541-43.  The Court further noted that no due process violation occurred where pretrial detainees were detained for generally less than 60 days.  However, the Court cautioned that: "confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privation and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment."  Id. at 542.

Such circumstances of serious overcrowding in a county jail were presented in Union County Jail Inmates v. DiBuono, 713 F.2d 984 (3d Cir. 1983).  There, the Third Circuit established a two-part test in line with Bell:

> "we must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes.  In assessing whether the conditions are reasonably related to the assigned purposes, we must further inquire as to whether these conditions "cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purpose assigned to them."

713 F.2d at 992.

Here, plaintiff alleges that he was forced to endure overcrowded and unsanitary conditions at the CCCF, which required him to eat and sleep on the floor, share two showers with 70 inmates, eat from dirty food trays, and be exposed to colds, flu and disease while confined at CCCF approximately six weeks. The Court finds that, even if these allegations are true, there was no prolonged deprivation of a constitutional magnitude that would suggest that the conditions allegedly allowed to occur at CCCF by the named defendants were intended to punish plaintiff - - here less than the 60 days set in <u>Bell</u> - - or that such conditions were an exaggerated response to genuine security and administration considerations at the jail. Thus, the Complaint does not assert a claim that rises to the level of a constitutional deprivation, and the Complaint will be dismissed without prejudice, in its entirety, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[2]

To the extent that plaintiff's claim should be examined under the Eighth Amendment, since he is a convicted prisoner, albeit, his conviction occurred in the State of Pennsylvania and

---

[2] This dismissal is without prejudice to plaintiff bringing a new action in the future, to the extent that he may be able to allege facts to show a combination of serious hardships or other deprivations of constitutional dimension that might constitute punishment without legitimate reason for a longer and more substantial period of time.

is unrelated to the reason he was confined at CCCF, the allegations still would fail to state a cognizable claim.

The Eighth Amendment proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Id. at 31.

To state a conditions-of-confinement claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation." Helling v. McKinney, 509 U.S. at 32 (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Thus, an inmate may satisfy the objective component of a conditions-of-confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of

11

life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. Rhodes, 452 U.S. at 347-48. However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. Id. at 347.

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303. An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." Ingalls v. Florio, 968 F.Supp. 193, 198 (D.N.J. 1997).

Here, there are no allegations of deliberate indifference. Plaintiff concedes that he was moved several times based on the availability of space and cell bunks. When he presented a request for medical care, he promptly received treatment. He further admits that cleaning supplies are provided the inmates. Given these admitted facts showing an absence of deliberate

12

indifference, in conjunction with the short duration of the alleged deprivations, this Court finds that the claims as alleged by plaintiff do not rise to the level of an Eighth Amendment violation.

## V.     CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice as against defendant, Camden County Correctional Facility.  Further, the Complaint will be dismissed without prejudice as against the remaining defendants, for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.


                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: November 14, 2006

13